IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERARDO MAESE PADILLA,

    Plaintiff,

v.                                                    Civ. No. 19-696 SMV/GBW

GEICO INSURANCE CO., *et al.*,

    Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY BASED UPON ABSOLUTE IMMUNITY AND QUALIFIED IMMUNITY

THIS MATTER comes before the Court on the Defendants' Opposed Motion to Stay Discovery Based Upon Absolute and Qualified Immunity (*doc. 15*). Having reviewed the briefing and considered oral argument from counsel, the Court is fully advised. *See docs. 20, 26, 34*. The Motion will be GRANTED.

With respect to the constitutional claims brought against him, Defendant Officer Jonathan Butler has filed a motion for summary judgment based on the doctrine of absolute quasi-judicial immunity. *See doc. 16*. Defendants seek a stay of discovery pending a ruling on that motion. Plaintiff has responded to the summary judgment motion in part seeking "limited discovery on the issue of the immunity." *Doc. 19* at 6. To that end, Plaintiff's counsel has filed an affidavit pursuant to Rule 56(d).[1] *See doc. 19*,

---

[1] The affidavit is titled "Rule 54 Affidavit." *Doc. 19*, Ex. 1. However, as the motion indicates that it is brought "pursuant to Federal Rule of Civil Procedure No. 56" and as Fed. R. Civ. P. 56(d) is the obvious source of the authority to file such an affidavit, the Court will refer to it as a Rule 56(d) affidavit.

Ex. 1. Relatedly, his opposition to the motion to stay is based on his claim that "the Court should allow limited discovery as to the issues of qualified immunity and quasi-judicial immunity."[2] *Doc. 20* at 2. Moreover, at the hearing he argued that, if a stay were granted, it should be limited to defendants bringing the immunity motion. *Doc. 34* at 2; *see also doc. 19*, Ex. 1 at 2.

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City & County of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).

---

[2] The parties interchangeably refer to the immunity defense raised as "qualified," "quasi-judicial," and "absolute." No party argues that the standards for a stay are impacted by any possible distinctions between such immunities. As such, the Court will apply the law as it has developed in the qualified immunity context.

As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

With respect to Plaintiff's argument that discovery should be permitted to continue as to the Defendants not raising an immunity defense, it flies directly in the face of the Supreme Court's admonition in *Iqbal*. As the Court explained, it

> is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685-86. Thus, even where some defendants are not protected by qualified immunity, a stay of all discovery is generally appropriate.

With respect to Plaintiff's argument regarding the need for targeted discovery pursuant to Rule 56(d), it does not justify denial of the stay. A general stay will not prevent the Court from granting Plaintiff's pending Rule 56(d) request should he find the affidavit adequate under the rule and the discovery sought is "essential to justify [the] opposition" to the summary judgment motion. FED. R. CIV. P. 56(d).[3] If the Court

---

[3] Similarly, Plaintiff will be free to file additional Rule 56(d) affidavits for any future motions for summary judgment filed during the pendency of the stay.

3

agrees, the limited discovery would be permitted notwithstanding a general stay of discovery.

WHEREFORE Defendants' Opposed Motion to Stay Discovery Based Upon Absolute and Qualified Immunity (*doc. 15*) is GRANTED.  Discovery and all attendant deadlines are hereby STAYED pending a ruling on Defendant Officer Jonathan J. Butler's Opposed Motion for Summary Judgment (*doc. 16*).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE